UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THERESA CISNEROS, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-00022 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HE SHOULD BE PERMITTED TO PROCEED IN FORMA PAUPERIS IN LIGHT OF 28 U.S.C. § 1915(g)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **FEBRUARY 26, 2024** |
| SHARROD MOTEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTIAN PHEIFFER, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-00043 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HE SHOULD BE PERMITTED TO PROCEED IN FORMA PAUPERIS IN LIGHT OF 28 U.S.C. § 1915(g)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **FEBRUARY 26, 2024** |

Plaintiff, a state prisoner proceeding pro se, has filed civil rights actions seeking relief in the two above-referenced matters under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In <u>Moten v. Cisneros</u>, No. 1:24-cv-0022 GSA ("<u>Cisneros</u>"), Plaintiff has filed an application to proceed in forma pauperis. <u>Cisneros</u>, ECF No. 4. In <u>Moten v. Pheiffer</u>, No. 1:23-

1

cv-0043 GSA ("Pheiffer"), Plaintiff has been ordered to submit an application to proceed in forma pauperis. See Pheiffer, ECF No. 3.

For the reasons stated below, Plaintiff will be ordered to show cause why he should be permitted to proceed in forma pauperis given that he is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). In the alternative, Plaintiff will be given the option of paying the filing fees in full for these two matters.

I. CASES AT ISSUE

Both Cisneros and Pheiffer were brought[1] *after* Plaintiff had at least three cases which had been adjudicated and dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted – or the functional equivalent – under the law, and Plaintiff was not in imminent danger of serious physical harm when he brought them. As a result, and as established herein, Plaintiff's requests to proceed in forma pauperis should be denied in compliance with 28 U.S.C. § 1915(g).

II. IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d at 116 (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart). An inmate's in forma pauperis status may be revoked at any time if the court, either sua sponte or on a motion, determines that the status was improperly granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same).

---

[1] "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008).

III.   THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted).   "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).  "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).   Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice.  Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).   To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  Andrews v.

3

Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

IV. PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three previous cases brought by Plaintiff qualify as strikes under Section 1915(g). The Court takes judicial notice of the following lawsuits[2] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) *prior* to him bringing the currently pending Cisneros and Pheiffer cases:

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

- Moten v. Calderon, No. 2:23-cv-02595 DOC SP (C.D. Cal. May 31, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim);[3]

- Moten v. Abrams, No. 2:23-cv-06359 GW (C.D. Cal. Sept. 6, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim), and

- Moten v. Phiefer, No. 2:23-cv-06355 DOC SP (C.D. Cal. Sept. 29, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim).[4]

V. DISCUSSION

A. The Two Matters Were Brought After Three Strikes Accrued

Plaintiff's Cisneros case, the first of two cases filed *after* Plaintiff had accumulated the three strikes above, was brought[5] on December 28, 2023. See Cisneros, ECF No. 1 at 10 (signature dates of complaint and application to proceed in forma pauperis).[6] The Pheiffer case was brought on January 1, 2024. See Pheiffer, ECF No. 1 at 10 (signature dates of complaint and application to proceed in forma pauperis). Because the above-referenced strike cases were dismissed on Section 1915(g) grounds *before* Cisneros and Pheiffer were brought before the Court, as a three strikes litigant, Plaintiff was required to pay the filing fee in full for both cases prior to proceeding in them *unless*, at the time that he brought them, he alleged and made an

---

[3] See O'Neil v. Price, 531 F.3d 1146, 1156 (9th Cir. 2008) (stating denial of in forma pauperis application on ground that complaint is frivolous counts as dismissal for purposes of Section 1915(g)); El Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (citing O'Neil, 531 F.3d at 1153).

[4] Although these three cases are sufficient to establish that Plaintiff has enough strikes to require that he pay the filing fee in full *prior* to him bringing Cisneros and Pheiffer, Plaintiff has another recently adjudicated case that is also a strike: Moten v. Abrams, No. 23-2493 (9th Cir. Jan. 17, 2024) (mandate pending) (dismissal as frivolous). See El Shaddai, 833 F.3d at 1045-46 (citation omitted) (stating affirmation on appeal counts as strike if court expressly states appeal was frivolous, malicious or failed to state claim).

[5] "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." O'Neal, 531 F.3d at 1152.

[6] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

adequate showing that he was in imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g) (serious physical harm requirement).

### B.  No Imminent Danger Alleged in the Instant Cases

A review of the complaints in Cisneros and in Pheiffer indicate that Plaintiff did not make plausible allegations of imminent danger of serious physical harm in either of them.  See generally Cisneros, ECF No. 1; Pheiffer, ECF No. 1.  In Cisneros, Plaintiff alleges claims of racial discrimination, retaliation, conspiracy, and deliberate indifference.  See Cisneros, ECF No. 1 at 5-9.  The claims stem from how he was treated upon transfer from one prison to another in 2021, during the COVID-19 pandemic.  The questioned treatment included harassment and failure to receive daily phone calls from his loved ones, and an alleged prison-official-instigated attack on Plaintiff by prison inmates occurring back on 6/2/22.  Id. at 11-17.  Nowhere in the complaint does Plaintiff indicate that he was in imminent danger of serious physical harm at the time the complaint was filed, nor do any of the facts he provides in the complaint establish this.  See generally Cisneros, ECF No. 1 at 5-17.

In Pheiffer, Plaintiff raises claims of conspiracy and discrimination stemming from incidents that occurred from mid-2022 to late-2023.  See Pheiffer, ECF No. 1 at 1-9.  In this case, Plaintiff points to incidents related to illegal cell and body searches, harassment by prison officials, improper issuance of rule violation reports, locking down and/or punishing all races for the actions of a single, different race, amongst others, to support his claims.  Plaintiff alleges that on 9/16/22, defendant Diaz strategically assaulted Plaintiff to manipulate a violent reaction from Plaintiff—grabbing and squeezing Plaintiff's shoulder and grabbing Plaintiff's pants.  Id.  Here again, as in Cisneros above, none of the allegations in the complaint allege that Plaintiff was in imminent danger of serious physical harm at the time he filed the complaint, nor do the facts of any of the incidents alleged indicate that such danger existed.  See generally Pheiffer, ECF No. 1.

### C.  Plaintiff Is Required to Pay Filing Fee In Full First

Because Plaintiff was a three strikes litigant at the time he filed both the instant complaints, and further because Plaintiff has not demonstrated that he was in imminent danger of serious physical harm when he brought Cisneros and Pheiffer, Section 1915(g) precludes him

from proceeding in them without first paying the respective filing fees in full. See 28 U.S.C. § 1915(g). Prior to ordering him to do so, however, Plaintiff will first be directed to show cause why he was not a three strikes litigant within the meaning of Section 1915(g) at the time that he brought Cisneros and Pheiffer before this Court. In lieu of filing a response to this order, Plaintiff will be given the opportunity to pay the filing fees in full.

## VI. CONCLUSION

Plaintiff has requested leave to proceed in forma pauperis in Cisneros, and he has been ordered to file an application to proceed in forma pauperis in Pheiffer. Prior to bringing these cases before the Court however, Plaintiff had accumulated at least three strikes in previous cases within the meaning of 28 U.S.C. § 1915(g). In addition, a review of the Cisneros and Pheiffer complaints indicates that when Plaintiff brought these cases he was not in imminent danger of serious physical harm. As a result, he is required under Section 1915(g) to pay the filing fee in full for each of them prior to proceeding with them.

In light of these conclusions, Plaintiff will be ordered to show cause why he should not have to pay the filing fee in full in these two matters. As an alternative to filing showings of cause in these cases, he may pay the filing fees in full.

Plaintiff will be given thirty days to comply with the Court's order. Should Plaintiff fail to timely file showings of cause for these cases, or fail to establish why he is not a three strikes litigant within the meaning of 28 U.S.C. § 1915(g), it will be recommended that his in forma pauperis requests in each case be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days – **February 26, 2024** – Plaintiff is ordered to SHOW CAUSE why he should be permitted to proceed with in forma pauperis status in:

- Moten v. Cisneros, No. 1:24-cv-00022 GSA, and
- Moten v. Pheiffer, No. 1:24-cv-00043 GSA;

2. The showing of cause must be one pleading which addresses whether the following previously adjudicated cases are strikes within the meaning of 28 U.S.C. § 1915(g):

- Moten v. Calderon, No. 2:23-cv-02595 DOC SP (C.D. Cal. May 31, 2023);

- Moten v. Abrams, No. 2:23-cv-06359 GW (C.D. Cal. Sept. 6, 2023), and
- Moten v. Phiefer, No. 2:23-cv-06355 DOC SP (C.D. Cal. Sept. 29, 2023);

3. Plaintiff must file the same, <u>one</u> showing of cause in the <u>Cisneros</u> and <u>Pheiffer</u> cases and file them simultaneously, and

4. As an alternative to Plaintiff filing the showing of cause, he may pay the filing fees in full in <u>Moten v. Cisneros</u>, No. 1:24-cv-00022 GSA, and <u>Moten v. Pheiffer</u>, No. 1:24-cv-00043 GSA.

**Plaintiff is cautioned that failure to adhere to the instructions in this order may result in recommendations that the matters be dismissed for failure to obey court orders. Plaintiff is further cautioned that absent exigent circumstances, requests for extensions of time to file the showings of cause will <u>not</u> be granted.**

IT IS SO ORDERED.

Dated: **January 25, 2024**        /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE

8