UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>          Plaintiff,<br><br>     v.<br><br>PFEIFFER, et al.,<br><br>          Defendants. | No. 1:24-pc-00043 JLT GSA (PC)<br><br>ORDER ADDRESSING PLAINTIFF'S PROPOSED NOTICE OF MOTION FOR AN ADDENDUM (SUPPLEMENT TO COMPLAINT AND MOTION FOR RECUSAL)<br><br>(ECF No. 15)<br><br>ORDER DISREGARDING PLAINTIFF'S SUPPLEMENT TO COMPLAINT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL |

    Plaintiff has filed a "Proposed Notice of Motion for an Addendum." ECF No. 15 at 1-36. To the extent that in it, Plaintiff: (1) requests it be considered along with the original complaint; (2) alleges recent violations of right by prison officials, the undersigned and other judges assigned to his cases, and (3) requests the undersigned's recusal from this matter, the filing will be construed as a supplement to the complaint and a motion for recusal.[1]

    For the reasons stated below, the supplement will be disregarded as improperly filed. In addition, the motion that the undersigned recuse himself will likewise be denied.

---

[1] Accordingly, the Clerk of Court will be directed to update the description of the filing on the docket so that it is consistent with the Court's construction herein.

1

A.  SUPPLEMENT TO COMPLAINT AND MOTION FOR RECUSAL

Plaintiff's supplement to complaint and motion for recusal is a thirty-five-page document with twenty-seven pages of exhibits attached to it. ECF No. 15. Rambling throughout, the Court distills that Plaintiff is requesting the Court to: (1) consider the allegations in the filing and to enjoin certain prison officials to from continuing to retaliate against him (see generally ECF No. 15); (2) consider the filing as a supplement to his complaint (id. at 12, ¶ 50; 32-33, ¶¶ 4-5); (3) void its orders that have harmed Plaintiff (id at 31, ¶ 142); (4) add named individuals in the filing as defendants in these proceedings (id. at 32-33, ¶¶ 4-5), and (5) require the undersigned to recuse himself (id. at 34, ¶ 16).[2]  See generally id. at 1-35.

The Court finds that the threshold concerns in the filing (ECF No.15) are:  (1) Plaintiff's request that the Court consider it as a supplement to his original complaint, and (2) Plaintiff's motion that the undersigned recuse himself.  If the Court does not grant these two requests, the other requests identified herein cannot be reached and considered.

II.  DISCUSSION

A.  Improper Pleading

Plaintiff's request to supplement his previously filed complaint must be denied for several reasons.  First, the filing is not permitted under federal rules.  Federal Rule of Civil Procedure 7(a) clearly lists all pleadings that a party may file in this Court.  Plaintiff's supplement to his complaint and/or "motion for an addendum" is not one of them.  Thus, to the extent Plaintiff intends that the filing to be a supplement to his original complaint, the Court will disregard it on this ground.

Further, in the Court's recent screening order (ECF No. 14), Plaintiff was clearly instructed that if he chose to file an amended complaint that it had to be complete in itself without reference to any previously filed complaint.  See ECF No. 15 at 5.  Plaintiff was also clearly instructed that, like any other litigant, he was not exempt from having to follow court rules.  See

---

[2]  To the extent that the motion also alleges improprieties of other judges who currently preside over this and/or other cases of Plaintiff's (see, e.g., ECF No. 15 at 2-3, ¶ 7) (alleging impropriety of other judges), the undersigned will not address those concerns.

ECF No. 14 at 4.  Despite having been given these clear instructions, the instant addendum *does* refer to Plaintiff's original complaint, and it *still* requests the Court to consider the original complaint along with the instant addendum[3]  (See ECF No. 15 at 12, ¶ 50; 32-33, ¶¶ 4-5), thus it fails to comply with the Court's directives set forth in its screening order.

### B.  Not a Short and Plain Statement

Next, even if the instant pleading were a proper amended complaint that stood alone and independent of the original complaint, it must also be disregarded because once again, as the Court found with respect to the original complaint (see ECF No. 15 at 4), this filing fails to provide the Court with a short and plain statement of his claims.  See generally ECF No. 15.  The thirty-five pages that make up the body of this filing do not comply with Rule 8.  See Fed. R. Civ. P. 8(a)(1), (d)(1).

### C.  Failure to Exhaust

The Plaintiff's addendum and the claims in it must also be disregarded because it is highly likely, from an examination of the face of the complaint, that at least some of the allegations contained in it have not been exhausted as the Prison Litigation Reform Act requires.  See 42 U.S.C. § 1997(e)(a) (exhaustion requirement).  The instant addendum was docketed on June 28, 2024. ECF No. 15 at 1.  The litany of violations of right Plaintiff alleges in the addendum largely occurred from February 2024 to late June 2024.  See id. at 2-22, ¶¶ 1-95.  Plaintiff does not state in the addendum that he exhausted the claims against the named prison officials, and given the time between the most recent alleged violations of right and the filing of the instant document, it is highly unlikely that he did exhaust.  For example, he refers to an incident allegedly occurring on June 24, 2024 (ECF No.15, at 20 paragraph # 86) , yet he signs the instant motion on May 18 and resends it on June 24. ECF No. 15, at 42. Thus, on the basis of a failure to exhaust, the Court will disregard Plaintiff's request to add the requested addendum to his previously filed complaint.

---

[3]  The Court also notes that in the instant filing, Plaintiff takes issue with the fact that the Court has directed him to amend the complaint, ultimately stating that it was improper for it to do so. He writes, "I am being compelled to amend my complaint, a tactic evidently employed to buy more time and manipulate the proceedings.  Despite having clearly articulated a proper claim for relief, the persistent nature of [the Court's] violations suggests a deliberate evasion of constitutional guidelines."  ECF No. 15 at 28, ¶ 127.

1        D.  <u>Recusal Request Must Be Denied</u>

2        Finally, Plaintiff requests that the undersigned recuse himself from this case.  <u>See</u>

3 <u>generally</u> ECF No. 15 at 25-27, 34, ¶16.  In support of this request, Plaintiff alleges that this

4 Court has violated various federal laws, canons of judicial ethics and has abused its authority. (see

5 generally, ECF No. 15 at 25, ¶¶ 111-14, 122, 127, 129, 138).  Plaintiff also alleges that this Court

6 has interfered with the denial of his habeas appeals at the state level.  <u>Id.</u> at 26-31, 34, ¶¶ 116-118,

7 122-24, 129, 138-40 <u>et</u> <u>seq.</u>

8        To begin, a review of Plaintiff's request that the undersigned be recused discloses that it

9 contains no cognizable legal basis.

10       "The standard for recusal is 'whether a reasonable person with knowledge of all the facts

11 would conclude that the judge's impartiality might be reasonably questioned.'"  <u>Mayes v.</u>

12 <u>Leipzieger</u>, 729 F.2d 605, 607 (9th Cir. 1984) (quoting <u>United States v. Nelson</u>, 718 F.2d 315,

13 321 (9th Cir. 1993)).  The judge at whom the motion is directed can determine the matter (<u>see</u>

14 <u>United States v. Scholl</u>, 166 F.3d 964, 977 (9th Cir. 1999) (citation omitted)), and the recusal

15 request can be denied (<u>see</u> <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 566 (9th

16 Cir. 1995)).

17       The procedural requirements for a motion to disqualify under 28 USC 455 are different

18 from those under 28 USC 144.  Under section 455, a judge "shall disqualify himself in any

19 proceeding in which his impartiality might reasonably be questioned. A motion under section 455

20 is addressed to and must be decided by the very judge whose impartiality is being questioned, and

21 not by another judge.  A motion under section 144 is initially addressed to the judge whose

22 impartiality is being questioned.  The test for personal bias or prejudice is identical in both of

23 these sections.  The bias, if any exists, must be from an *extrajudicial* source and cannot be based

24 solely on information gained in the course of the proceedings.  See, <u>US v Hernandez</u>, 109 F.3d

25 1450 (9th Cir. 1997).  Importantly, judicial rulings alone almost never constitute a valid basis for a

26 bias or partiality motion.

27       Here, the gravamen of Plaintiff's dissatisfaction with the undersigned is that: 1- he is

28 being compelled  to amend his complaint (ECF 15, at 28 Paragraph 127), 2- he is being required

to consolidate "every claim I possess into a singular complaint" (ECF 15, at 31, Paragraph 140), 3- he is not being provided with "immediate intervention" to address what he asserts is a blatant disregard by prison officials of his rights and to rectify these grave injustices ((ECF 15, at 7, paragraph 26, pg 22, paragraph 99), and 4- ignoring his motions (ECF 15, at 25, paragraph 112). However, a judge's ruling while presiding over a case do not constitute extra-judicial conduct. Focus Media, Inc v NBC, 378 F.3d 916, 930 (9th Cir. 2004).   In this case, the Court has properly ordered Plaintiff to file an amended complaint that complies with federal rules. See generally ECF No. 14 (screening order).  Plaintiff's allegations that somehow this request makes the undersigned biased and/or unable to preside over this matter is wholly insufficient as a basis for recusal.  There is nothing in the screening order that indicates bias or impropriety against Plaintiff.  See generally id.  Plaintiff fails to point to specific language in the screening order that supports his assertions.

The Court has thus considered whether Plaintiff's request that the undersigned be recused identifies any ground upon which disqualification would be warranted, as well as whether there is any other ground for disqualification, and it finds that no such ground exists.  The Court is unaware of any circumstance(s) that would cause its impartiality to be reasonably questioned.

In sum, the allegations of bias on the part of the undersigned, which Plaintiff claims warrant that he recuse himself, are frivolous and without merit.  Therefore, Plaintiff's request that the undersigned be recused will be denied and the matter will not be referred to another judge.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall update the description of the filing considered herein (ECF No. 15) to read: "Supplement to Complaint and Motion for Recusal (Proposed Notice of Motion for an Addendum)" on the docket;

2. Plaintiff's Supplement to Complaint (see generally ECF No. 15) is DISREGARDED as improperly filed, and

3. Plaintiff's motion to recuse the undersigned (see ECF No. 15 at 34, ¶ 16) is DENIED.

to consolidate "every claim I possess into a singular complaint" (ECF 15, at 31, Paragraph 140), 3- he is not being provided with "immediate intervention" to address what he asserts is a blatant disregard by prison officials of his rights and to rectify these grave injustices ((ECF 15, at 7, paragraph 26, pg 22, paragraph 99), and 4- ignoring his motions (ECF 15, at 25, paragraph 112). However, a judge's ruling while presiding over a case do not constitute extra-judicial conduct. Focus Media, Inc v NBC, 378 F.3d 916, 930 (9th Cir. 2004).   In this case, the Court has properly ordered Plaintiff to file an amended complaint that complies with federal rules.  See generally ECF No. 14 (screening order).  Plaintiff's allegations that somehow this request makes the undersigned biased and/or unable to preside over this matter is wholly insufficient as a basis for recusal.  There is nothing in the screening order that indicates bias or impropriety against Plaintiff.  See generally id.  Plaintiff fails to point to specific language in the screening order that supports his assertions.

The Court has thus considered whether Plaintiff's request that the undersigned be recused identifies any ground upon which disqualification would be warranted, as well as whether there is any other ground for disqualification, and it finds that no such ground exists.  The Court is unaware of any circumstance(s) that would cause its impartiality to be reasonably questioned.

In sum, the allegations of bias on the part of the undersigned, which Plaintiff claims warrant that he recuse himself, are frivolous and without merit.  Therefore, Plaintiff's request that the undersigned be recused will be denied and the matter will not be referred to another judge.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall update the description of the filing considered herein (ECF No. 15) to read: "Supplement to Complaint and Motion for Recusal (Proposed Notice of Motion for an Addendum)" on the docket;

2. Plaintiff's Supplement to Complaint (see generally ECF No. 15) is DISREGARDED as improperly filed, and

3. Plaintiff's motion to recuse the undersigned (see ECF No. 15 at 34, ¶ 16) is DENIED.

IT IS SO ORDERED.

Dated:   **August 3, 2024**                             **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE