UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>            Plaintiff,<br><br>    v.<br><br>THERESA CISNEROS, et al.,<br><br>            Defendants. | No. 1:24-cv-00022 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S POSSIBLE RECUSAL REQUEST OF THE UNDERSIGNED IN THIS CASE BASED ON ASSERTIONS PLAINTIFF HAS MADE CONTAINED IN PLAINTIFF'S ADDENDUM (ECF No.19) TO HIS COMPLAINT IN CASE 1:24-cv-00043 JLT GSA (PC) |
| SHARROD MOTEN,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>            Defendants. | No. 1:24-cv-00043 JLT GSA (PC)<br><br>ORDER DENYING RECUSAL OF THE UNDERSIGNED BASED ON ASSERTIONS MADE BY PLAINTIFF CONTAINED IN HIS ADDENDUM TO THE COMPLAINT (ECF No.19)<br><br>(See ECF No. 19 at 29, 57-63) |

Plaintiff has filed an Addendum to his complaint in court case number 24-cv-00043.[1] Within it, he alleges the undersigned and other District and Magistrate Judges along with Court Clerks of both this District and the Central District of California have, among an assortment of

---

[1] The Court will conduct an in-depth review of the addendum under separate order.

1

conspiratorial allegations, actively engaged in a concerted effort to subvert the due process of justice.  See ECF No. 19 at 29, 57-63.  Although this order specifically addresses the Addendum filed by Plaintiff in case number 24-cv-00043, this order is also being filed concurrently in case number 24-cv-00022 as the undersigned has determined that it is applicable to that case as well.  The Court lists below several of Plaintiff's allegations which are contained in the Addendum in case number 24-cv-00043.[2]

## I.     RELEVANT FACTS

In Plaintiff's Addendum to case 24-cv-00043, the sum and substance of Plaintiff allegations against the undersigned and some of the other  named judges is that either individually or collectively have:  (1) assisted prison officials with obstructing the progression of his lawsuits (see ECF No. 19 at 29, 57-63); (2) engaged in a concerted effort to subvert the due course of justice (Id.); (3) aided and abetted the tampering of critical documents (id.); and (4) "with malicious intent, colluded to shield correctional officers from civil liability" (id.).

In specific reference to the undersigned, Plaintiff alleges, among other conspiratorial assertions as mentioned above, that the undersigned has "conspir[ed] to harass and obstruct" his legal proceedings, and while "leveraging his judicial acumen, has purportedly engaged in a conspiracy to harass and obstruct the Plaintiff's legal proceedings."  ECF No. 19 at 58 (brackets added).  Plaintiff further contends that the undersigned has ignored his showings of cause and has colluded with the District Judge who is assigned to this matter in violation of statutory obligations.  Id.  The undersigned's actions, Plaintiff contends, have "undermine[ed] the integrity of judicial proceedings" and have "subvert[ed] the fair administration of justice."  ECF No. 19 at 58-63 (brackets added).

## II.     APPLICABLE LAW:  RECUSAL AND IMMUNITY

A party's request for a judge's recusal due to bias is governed by 28 U.S.C. §§ 144, 455.  The party making such a motion must file a "timely and sufficient" affidavit in support of the request.  28 U.S.C. §§ 144.  A District Judge must disqualify himself if his impartiality might be

---

[2] Unless otherwise stated, all references to the docket in this order refer to case number 24-cv-00043.

2

reasonably questioned or if he has a personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). If the filed affidavit for recusal is not timely or legally sufficient, the judge at whom the motion is directed can determine the matter (see United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citation omitted)), and the recusal request can be denied (see United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995)).

A judge should disqualify himself from proceedings to which he is a party when necessary. See 28 U.S.C. 455(b)(5)(i). However, the Ninth Circuit has upheld District Judges' decisions not to disqualify themselves "unless there is a legitimate basis for suing the judge." See generally Glick v. Edwards, 803 F.3d 505, 508 (9th Cir. 2015) (citing Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. Feb. 22, 1988)).

In addition, judges are absolutely immune "from damage liability for acts performed in their official capacities." See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). They also have absolute immunity when the challenged action is within the jurisdiction of the Court. See Mireles v. Waco, 502 U.S. 9, 11-12, (1991); see Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) superseded by statute in Nordin v. Scott, No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023). Additionally, Section 1983 "contemplates judicial immunity from suit for injunctive or declaratory relief for acts taken in a judicial capacity." Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004) (injunctive relief), overruled on other grounds by Munoz v. Superior Court of Los Angeles County, 91 4th 977 (9th Cir. 2024); Moore, 96 F.3d at 1243-44 (injunctive and declaratory relief).

III. DISCUSSION

A. Recusal

To begin, a review of the applicable Addendum in case # 24cv43 (ECF No.19) indicates that Plaintiff has not filed the requisite affidavit that must accompany a request for recusal. See generally ECF No. 19. This may be because Plaintiff's Addendum was not intended by him to be a motion to recuse the undersigned or any other judges of the Court, but rather intended to be an amended complaint which was one of the alternatives offered Plaintiff in the "show cause" order issued August 5, 2024. See ECF No. 17.

However, treating the Addendum as a motion to recuse, Plaintiff has not provided any factual support for the motion other than offering wholly unsubstantiated conjectural assertions stemming from an illusory conspiracy, the nature of which borders on the fanciful. Further, and importantly, all rulings and actions made and taken by the undersigned in this case have been done in a judicial capacity, and as such almost never constitute a valid basis for recusal. See Liteky v. United States, 510 U.S. 540 (1994). The test for personal bias or prejudice in Section 144 is identical to that in Section 455(b)(1). See United States v. Sibla, 624 F.2d 864 (9th Cir. 1980). In either case, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. See United States v. Hernandez, 109 F.3d 1450 (9th Cir. 1997). In this case, even from a most liberal reading of Plaintiff's Addendum, no reasonable person could possibly conclude that the undersigned's impartiality, or that of any of the other named judges, could be reasonably questioned.

Finally, given the patent frivolousness of Plaintiff's assertions, his attempt to sue the undersigned provides no additional basis for recusal. See United States v. Studley, 783 F.2d 934 (9th Cir. 1986).

In sum, because Plaintiff's conspiratorial assertions in his Addendum are so patently frivolous they leave no room for any rational person to find partiality or bias on behalf of the undersigned. Accordingly, to the extent the Addendum is intended by Plaintiff to be a motion to recuse, the request is denied in both this case and in case # 24cv22.

      B. Immunity

As previously stated, a judge is entitled to absolute judicial immunity from damages for acts taken while s/he is acting in his/her judicial capacity unless s/he acted in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978). This includes acts which are erroneous, malicious or even in excess of jurisdiction. Id. It is apparent that the undersigned has acted within his jurisdiction as a Magistrate Judge handling pretrial matters in this action. See 28 U.S.C. 636(b)(1) (authorizing a Magistrate Judge to hear and determine any pretrial matter pending before the Court).

Here, although a discussion of immunity at this juncture may seem somewhat premature, as pointed out above it is nonetheless relevant to the issue of recusal in that Plaintiff's naming of the undersigned as a Defendant in his Addendum, based upon actions taken by the undersigned in his official judicial capacity, is categorically without legal merit and frivolous as a matter of law. See Wiesner v. Pro, 2013 U.S. Dist. LEXIS 134242 (judge dismissing frivolous claims sua sponte without recusing himself, despite being named a defendant in the suit).

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that to the extent Plaintiff is requesting that the undersigned recuse himself from this case and case # 24cv22, said requests are DENIED.

IT IS SO ORDERED.

Dated:   **September 9, 2024**                    **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE