UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>  Plaintiff,<br><br> v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>  Defendants. | No. 1:24-cv-00043 JLT GSA (PC)<br><br>ORDER GRANTING PLAINTIFF <u>FINAL</u> LEAVE TO FILE AMENDED COMPLAINT THAT COMPLIES WITH FEDERAL RULE OF CIVIL PROCEDURE 8<br><br>PLAINTIFF'S AMENDED COMPLAINT – IF ANY – DUE IN TWENTY-ONE DAYS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. As three strikes litigant, Plaintiff has paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's "2nd Addendum to the Civil Rights Complaint Pursuant to F.R.C.P." ECF No. 19. For the reasons stated below, Plaintiff will be given a <u>final</u> opportunity to file an amended complaint that complies with the short and plain statement requirements of Federal Rule of Civil Procedure 8 and that does not refer back to his previous pleadings. He will be given twenty-one days to do so.

I. <u>RELEVANT BACKGROUND</u>

A. <u>Screening of Complaint</u>

On May 28, 2024, the Court screened Plaintiff's complaint and determined that it did not

1

1  comply with Federal Rule of Civil Procedure 8.  See generally ECF No. 14.  Specifically, the
2  Court found that the complaint – which was a ten-page, single-spaced, 10-point-font document –
3  did not contain a short and plain statement of the claim showing that he was entitled to relief, nor
4  were the allegations in it simple, concise, and direct.  See id. at 3-4.

5  Based on these findings, Plaintiff was ordered to file an amended complaint that complied
6  with Rule 8.  ECF No. 14 at 4-6.  As part of that order, Plaintiff was sent the Court's Civil Rights
7  Complaint By a Prisoner form, and in boldface type, the Court clearly suggested to Plaintiff that
8  he "**only use the space provided on the form to state his substantive claims.**" Id. at 6.
9  Plaintiff was also told:  (1) that the Court would not review any of his past supplements or
10 pleadings when determining the substance of his claims, and (2) that when he filed his amended
11 complaint, it should be "a complete pleading in and unto itself." Id. at 6.  Plaintiff was given
12 thirty days to leave to file an amended complaint, and he was warned – again in boldface type –
13 that his "**failure to comply with the Court's order as directed and/or within the time allotted**
14 **[might] result in a recommendation that this matter be dismissed.**" Id. at 6 (brackets added).

15                    B.  Plaintiff's Failure to Timely File an Amended Complaint

16 Plaintiff failed to timely file an amended complaint.  As a result, on August 5, 2024, – a
17 full five weeks after Plaintiff's amended complaint had been due – Plaintiff was ordered to show
18 cause why his case should not be dismissed for failure to obey a court order.  ECF No. 17.  In that
19 order, as an alternative to filing the showing of cause, Plaintiff was given yet another opportunity
20 to file an amended complaint.  Id. at 2.  He was given another thirty days to file an amended
21 complaint, and once again, he was cautioned that "**failure to comply with [the] order within the**
22 **time allotted [might] result in a recommendation that this matter be dismissed.**" Id. at 2.

23                        C.  Plaintiff's Instant Addendum to Complaint

24 On August 8, 2024, Plaintiff filed the instant "2nd Addendum" to his complaint.  ECF No.
25 19.  Contrary to the directives clearly given to Plaintiff in the Court's two previous orders, the
26 document:  (1) does not appear to be a pleading that is complete in and unto itself as required by
27 law; (2) is not on the Court's civil rights complaint form, and (3) at sixty-six pages in length
28 without exhibits, once again violates Federal Rules of Civil Procedure 8(a)(2) and (d)(1).

## II. DISCUSSION

### A. Relevant Considerations

At this stage of the proceedings, a litigant may only amend a complaint when the Court gives leave for him to do so. See Fed. R. Civ. P. 15(a)(2). Leave should be given when justice requires it. Id.

In addition, the Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

### B. Findings

To date, Plaintiff has been given two opportunities to file a proper amended complaint. See ECF Nos. 14, 17 (screening order; order to show cause, respectively). Despite this fact, instead of filing a proper amended complaint that complies with Rule 8, Plaintiff has filed the instant sixty-six page, partially single-spaced "2nd Addendum" to his original complaint.

This Court is not required to give a Plaintiff endless opportunities to file an amended complaint that complies with the federal rules and the Court's instructions, especially when a Plaintiff has been given clear guidelines as to what constitutes a proper amended complaint. Here, Plaintiff's failure to comply with the Court's directives and the federal rules is unduly consuming valuable limited judicial resources.

At this point, given that Plaintiff has twice been warned that his failure to comply with the Court's orders could result in a recommendation that this case be dismissed, the Court is ready to make this recommendation. Prior to doing so, however, Plaintiff will be given a third and final opportunity to file an amended complaint.

Given that to date, Plaintiff has not done well with general guidelines and specific orders from the Court, the Court will – for a final time – order the following. Should Plaintiff choose to

3

file an amended complaint, he <u>must</u> file it on the Court's Civil Rights Complaint by a Prisoner form. The amended complaint <u>must</u> comply with Rule 8(a)(2) and (d)(1). To that end, any amended complaint that Plaintiff intends to file must be **no longer in length that 25 pages** – including exhibits – and <u>must</u> comply with federal and local rules with respect to typeface, font-size, and line spacing. Plaintiff is further ordered to review the Court's May 2024 screening order (<u>see</u> ECF No. 14 at 4-6) and follow its directives.

Plaintiff will be given twenty-one days to file an amended complaint. Absent exigent circumstances, <u>no</u> requests for extensions of time will be granted. Finally, Plaintiff is informed that should he choose not to file an amended complaint, the Court will presume that he wishes to stand on his original complaint, and consistent with the Court's screening of it, it will be recommended that this case be dismissed for failure to state a claim and for failure to comply with Rule 8.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff another copy of the Court's Civil Rights Complaint By a Prisoner form, and Plaintiff must use that form if filing an amended complaint;

2. Within twenty-one days from the date of this order, Plaintiff may file an amended complaint,[1] and

3. The amended complaint <u>must</u> comply with all directives stated in this order.

**Plaintiff is cautioned that absent exigent circumstances, his failure to comply with this order <u>in its</u> entirety within the time allotted <u>will</u> result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **June 18, 2025**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] As an alternative to filing an amended complaint, Plaintiff may stand on his original complaint, or he may voluntarily dismiss this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

4