UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>            Plaintiff,<br><br>     v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>            Defendants. | No.  1:24-cv-00043 JLT GSA (PC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING DISMISSAL OF MATTER FOR FAILURE TO STATE A CLAIM<br><br>See 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 8(a)(2), (d)(1)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.[1]  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's first amended complaint ("FAC") and an unsolicited, lodged amended complaint.  See ECF Nos. 25, 26 (respectively).  For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to state a claim, due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1).  Plaintiff

---

[1]  On April 23, 2024, Plaintiff was found to be a three strikes litigant within the meaning of 28 U.S.C. § 1915(g), and he was ordered to pay the filing fee in full.  See ECF Nos. 11, 12 (findings and recommendations; order adopting same).

1

will be given fourteen days to file objections to this order.

I.  RELEVANT PROCEDURAL HISTORY

A.  Deficiencies In Original Complaint

On January 9, 2024, Plaintiff's complaint was docketed.  ECF No. 1.  Although it was only ten pages in length, it was not written on the Court's civil rights form; it appeared to randomly name fourteen individuals who were presumably employed at Kern Valley State Prison as Defendants; it was single spaced; it was written in what appeared to be a 6-point font; it used no headers to organize it, and it failed to make clear precisely which claims Plaintiff was intending to raise against each of the Defendants.  See generally ECF No. 1.

B.  Opportunity to Amend Complaint Given to Plaintiff

On May 28, 2024, the Court screened Plaintiff's complaint and determined that it violated Federal Rules of Civil Procedure 8(a)(2), 8(d)(1) and 20.  See ECF No. 14 at 3.  Specifically, it found that the complaint did not include a "short and plain statement of the claim"; that it was not "simple, concise, and direct," and that it raised unrelated claims against unrelated parties.  Id. at 3-4.

Based on these findings, the Court found that the complaint failed to state a claim, and Plaintiff was given the opportunity to file an amended complaint that complied with Rules 8 and 20.  At that time, Plaintiff was also was given general guidelines regarding what an amended complaint should contain, and he was sent a copy of the Court's Civil Rights Complaint By a Prisoner form.  See ECF No. 14 at 4-6.  When sending Plaintiff the Court's complaint form, the Court also suggested to Plaintiff that he **"only use the space provided on the form to state his substantive claims."**  Id. at 6 (boldface in original).  Plaintiff was given thirty days to comply with the Court's order.  Id.

C.  Deficiencies In Plaintiff's Subsequent Filings

1.  "Supplement" to Complaint Improperly Filed; Order to Show Cause Issued

On June 28, 2024, a "proposed notice of motion for an addendum" drafted by Plaintiff, which the Court construed as a "supplement" to Plaintiff's original complaint (see ECF No. 16 at 1) (order addressing Plaintiff's proposed notice), was docketed.  ECF No. 15.  The supplement

1  was thirty-five pages in length – sixty-three with exhibits – and it proposed that the filing be used
2  to supplement Plaintiff's original complaint.  See id. at 33 (Plaintiff requesting Court to "include
3  each of these individuals as defendants in this lawsuit").  Plaintiff filed the document despite the
4  fact that the Court's instruction in its screening order had clearly stated that his amended
5  complaint should be a pleading that is "complete in itself, without any reference to any earlier
6  filed complaint."  See ECF No. 14 at 5 (screening order stating same).
7      On August 5, 2024, the Court issued an order which disregarded Plaintiff's supplement.
8  See ECF No. 16.  In addition, it issued an order that directed Plaintiff to show cause why this case
9  should not be dismissed for failure to obey a court order.  ECF No. 17.  As an alternative to filing
10 the showing of cause Plaintiff was given yet another opportunity to file an amended complaint,
11 which was to be filed by August 28, 2024.  Id. at 2.
12                    2.   Second Improperly Filed "Supplement" to Complaint
13     On August 8, 2024, Plaintiff filed a response to the order to show cause as well as a
14 second "addendum" to his complaint.  See ECF Nos. 18, 19 (respectively).  The showing of cause
15 did not respond to the substantive question in the showing of cause order.  Instead, it raised
16 questions about the Court's integrity, asking, "Is this Court, through inaction and clerical
17 oversight, inadvertently, or worse, deliberately, contributing to a pattern of misconduct that
18 civilly aids and abets the Defendants?"  ECF No. 18 at 1.
19     More relevantly, the "[second] addendum" to the complaint filed by Plaintiff, being now
20 sixty-six pages in length, containing 238 paragraphs along with 18 separate paragraphs of
21 requested relief – without exhibits – was not on the Court's civil rights form that Court had
22 previously advised Plaintiff to use.  See generally ECF No. 19 (second addendum).  The
23 addendum also suffered from the same deficiencies as both the complaint and the first
24 "supplement" to it that Plaintiff had previously filed.  See generally id.
25     Despite these facts, on June 18, 2025, instead of recommending that this matter be
26 dismissed, the Court, opted to grant Plaintiff a final opportunity to file an amended complaint that
27 complied with Rule 8; one that did not refer back to his previous pleadings.  See ECF No. 24 at 1,
28 4.  To that end, once again, Plaintiff was sent a copy of the Court's Civil Rights Complaint By a

1  Prisoner form.  See id. at 4.  This time, however, Plaintiff was specifically ordered to use the
2  Court's  Civil Rights Complaint form, and he was ordered to comply with all the directives in that
3  order.  Id.  Plaintiff was further informed that instead of filing an amended complaint, he could
4  stand on the original complaint, or he could voluntarily dismiss this matter.  Id at 4.
5  Plaintiff was given twenty-one days to take one of the three courses of action.  See ECF
6  No. 19 at 4.  At that time, Plaintiff was also specifically warned that his failure to comply with the
7  Court's order in its entirety and within the time allotted would result in a recommendation that
8  this matter be dismissed.  See id.

9  II.   PLAINTIFF'S FIRST AMENDED COMPLAINT

10  On July 2, 2025, the instant FAC filed by Plaintiff was docketed.  ECF No. 25.  A couple
11  of weeks later, on July 18, 2025, Plaintiff also lodged another amended complaint which the
12  Court did not grant Plaintiff permission to file.  ECF No. 26.
13  In direct contravention of what the Court ordered, the FAC is not on the Court's complaint
14  form, and it is sixty-nine pages in length – without exhibits.  In addition, once again, it suffers
15  from the same deficiencies as the original complaint, in that:  (1) it adds a number of additional
16  Defendants to the complaint that were not identified in the original pleading, so that now, instead
17  of fourteen Defendants, there are now at least twenty (see id. at 2); (2) it lumps multiple,separate
18  incidents from the years 2022 to 2024 as well as the Defendants involved in those incidents
19  together (see generally id.), and (3) all the claims in it, which allege everything from retaliation,
20  racial discrimination, excessive use of force, invasion of privacy, etcetera, do not quickly and
21  clearly link the alleged violations of right and the dates that the alleged violations occurred to
22  specific actions of each Defendant (see generally id. at 61-67).
23  As for Plaintiff's subsequently lodged, unsolicited amended complaint, it is more than
24  twice as long as the FAC, and it suffers from the same glaring deficiencies.  See generally ECF
25  No. 26 (amended complaint lodged 7/18/25).  Because Plaintiff was not granted leave by the
26  Court to lodge it, the Court does not address it herein.
27
28

4

III. APPLICABLE LAW

   A. Short and Plain Statement and Concise and Direct Allegation Requirements

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim" (see Fed. R. Civ. P. 8(a)(2)), and that each allegation "be simple, concise, and direct" (see Fed. R. Civ. P. 8(d)(1)).  A complaint that is so confusing that its "true substance, if any, is well disguised' may be dismissed for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't,, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").  Pro se litigants are not exempt from following court rules.  See generally Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997); see, e.g., Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (denying pro se litigant's motion to compel discovery due to untimely filed, improperly formatted interrogatories).

"When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) (italics in original).  Furthermore, repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s short and plain statement requirement constitute strikes under 28 U.S.C. § 1915(g) as "failures to state a claim" when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.  Id. at 1108-1109 (internal quotation marks and brackets omitted).

   B. Duty to Manage Dockets in Just and Speedy Manner

Courts have a duty to manage their dockets in a manner that is just and speedy.  See Fed. R. Civ. P. 1; see In re Phenylpropanolamine, 460 F.3d 1217, 1227 (9th Cir. 2006) (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching

merits is costly in money, memory, manageability, and confidence in process). Both the Court and the public have an interest in the disposal of cases in an expedient manner. See generally Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest in expeditious litigation).

## IV.  DISCUSSION

Even though the Court has given Plaintiff two opportunities to amend his original complaint (see ECF Nos. 14, 24) (orders granting leave to amend) and that both times it gave Plaintiff instructions on how to fix the problems with the pleadings, Plaintiff's FAC suffers from the same glaring deficiencies his original complaint and his two improperly filed "supplements" do. Specifically, Plaintiff's 1AC contains 280 paragraphs involving incidents spanning over 2 years, 14 separate claims and 17 requests for relief.  Confusing pleadings like the ones Plaintiff has filed in this case place unfair burdens on litigants and judges. See McHenry, 84 F.3d at 1179.

As stated earlier Federal Rules of Civil Procedure 8(a)(2) and (d)(1) requires Plaintiff's complaint: (1) to contain a "short and plain" statement of the claim, which shows that he is entitled to relief, and (2) contain allegations that are "simple, concise, and direct." See id. The fact that Plaintiff's FAC does neither of these leads the undersigned to find that it violates Rule 8 and thus it fails to state any claim upon which relief may be granted. See Fed. R. Civ. P. 8(a)(2), (d)(1); see also 28 U.S.C. § 1915A(b)(1). The undersigned further finds that giving Plaintiff yet another opportunity to file an amended complaint would be an exercise in futility, and doing so would continue to burden the Court's docket unnecessarily.

For these reasons, the undersigned will recommend that this matter be dismissed without prejudice for failure to state a claim, specifically, for Plaintiff's failure comply with Federal Rules of Civil Procedure 8(a)(2) and (d)(1).  Plaintiff will be given fourteen days to file a response to this order.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This matter be DISMISSED without prejudice for failure to state a claim, specifically, for Plaintiff's failure comply with Federal Rules of Civil Procedure 8(a)(2) and (d)(1). See 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 8(a)(2), (d)(1); Knapp v. Hogan, 738 F.3d 1106, 1108-10

(9th Cir. 2013), and

    2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is cautioned that given the findings of fact upon which it is being recommended that this matter be dismissed and Plaintiff's inability to alter said factual grounds, absent exigent circumstances, any requests for extensions of time to file objections will be denied.**

IT IS SO ORDERED.

   Dated: **July 30, 2025**　　　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE